IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Julius P. Jackson, | ) | C/A No.: 1:10-241-RMG-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Ms. Rene Hunt, Associate DSS; Ms. Carolyn Nicholson, Supervisor DSS; and Ms. Debra Bridges, Director DSS, | ) | |
| Defendants. | ) | |

Plaintiff Julius P. Jackson, proceeding pro se, filed this action alleging violations of his civil rights by defendants Rene Hunt, Carolyn Nicholson, and Debra Bridges. Defendants are all employees of the South Carolina Department of Social Services ("DSS"). Plaintiff is a pretrial detainee at the Greenville County Detention Center and brings this action complaining about the Defendants' actions which led to his arrest. While his allegations are not clear, it appears Plaintiff primarily alleges that Defendants coerced two children to lie about his sexually abusing them. The court construes the claims as brought pursuant to 42 U.S.C. § 1983.

Before the court is Defendants' Motion to Dismiss [Entry #13]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion to dismiss is dispositive, this Report and Recommendation is entered for review by the district judge.

I. Procedural and Factual Background

The children who Plaintiff allegedly sexually abused are the seven-year old son and eight-year old brother of Plaintiff's girlfriend, Latweeta Dendy. According to the complaint, the children were in the temporary custody of DSS in late November or December of 2008, during which time the children were riding in the car with defendant Hunt. Plaintiff alleges that

> For some apparent reason one of the kids said or touched the other, in or on the priv[ate] parts. Ms. Hunt ask[ed] the kids who showed or taught them this, and for some reason, my name came up. I don't know why they would lie and blame me, but I have [no] knowledge of this.

Compl. at 5 [Entry #1]. The children were subsequently questioned by a forensic interviewer. *See* [Entry #1-1]. Plaintiff appears to object to the interviewer's method, although the interviewer was not an employee of DSS or a party to this action. Plaintiff alleges Hunt told Ms. Dendy that she would make it difficult to get the children back if Ms. Dendy chose to stay with Plaintiff. Plaintiff also complains that no one from DSS contacted him or questioned him about the matter. He brings claims of gross negligence, conspiracy, and violation of due process. Compl. at 8 [Entry #1]. Plaintiff does not make direct allegations against anyone other than Hunt, but states he is heavily relying on the "respondeat [superior] theory" in pursuing this claim. *Id.* at 4.

Plaintiff filed the complaint on February 1, 2010, alleging Defendants violated his rights in relation to the investigation of the sexual abuse of the children. Defendants filed their motion to dismiss in lieu of an answer on March 25, 2010. Pursuant to *Roseboro v.*

*Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' Motion. [Entry #16]. Plaintiff filed a response brief on April 23, 2010.

II. Discussion

1. Standard of Review

When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

2. Analysis

Defendants seek an order dismissing Plaintiff's Complaint on the grounds that: (1) it fails to state claim upon which relief can be granted; (2) this court lacks jurisdiction over the subject matter of this action because the family Court of Greenville County has exclusive jurisdiction over all proceedings, pursuant to the South Carolina Children's Code, S.C. Code Ann. § 63-7-1610; (3) DSS employees are immune from civil liability for investigating/reporting abuse, pursuant to S.C. Code Ann. § 63-7-390, § 63-7-400; and (4) Defendants are entitled to Eleventh Amendment immunity.

The undersigned agrees that Eleventh Amendment immunity bars this suit insofar as Defendants are sued for actions taken in the scope of their employment with DSS. Even liberally construed, Plaintiff alleges no facts demonstrating Defendants acted outside the scope of their required duties; in other words, the facts Plaintiff alleges indicate only that Defendants acted in their "official" capacities during the investigation involving Plaintiff and the children.[1]

The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another

---

[1] Although Plaintiff purports to be suing Defendants in their official capacities and individually, the only facts alleged concern Defendants' actions taken in their official capacities.

State, or by Citizens or Subjects of any Foreign State." While the express language of the Eleventh Amendment only forbids suits by citizens of other states against a state, the Eleventh Amendment bars suits against a state filed by its own citizens. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984).

A state must expressly consent to suit in a federal district court. *Id.* South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state). DSS is an agency of the State of South Carolina and functions as an arm of the state. *Coffin v. South Carolina Dep't of Soc. Serv.*, 562 F.Supp. 579, 583-585 (D.S.C. 1983). As such, Defendants function as arms of the state while acting in their official capacities and are entitled to Eleventh Amendment immunity. Therefore, the undersigned recommends Plaintiff's constitutional claims be dismissed.

To the extent that Plaintiff's complain may be read to include claims pursuant to state law, the undersigned recommends that the court decline to exercise supplemental jurisdiction over any such claims pursuant to 28 U.S.C. § 1367(c).

III. Conclusion

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss [Entry #13] be granted and this case be dismissed.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 13, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**