IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Julius P. Jackson,<br>    Plaintiff, | )<br>)<br>) | Case No. 1:10-241-RMG |
| v. | )<br>) | **ORDER** |
| Ms. Rene Hunt, et. al.,<br>    Defendants. | )<br>)<br>)<br>) | |

This is a *pro se* complaint construed as seeking relief pursuant to 42 U.S.C. § 1983. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. The Magistrate Judge has issued a Report and Recommendation that Defendants' motion to dismiss should be granted. (Dkt. No. 37). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Plaintiff timely filed objections to the R&R. (Dkt. No. 41). As explained herein, after a *de novo* review of this matter, this Court agrees with the Report and Recommendation and grants Defendants' motion to dismiss.

## LAW/ANALYSIS

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Despite Plaintiff's objections, Eleventh Amendment immunity bars this suit as Defendants are sued for actions taken in the scope of their employment with DSS. Even liberally construed, Plaintiff alleges no facts demonstrating Defendants acted outside the scope of their required duties during the investigation involving Plaintiff and the children. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." While the express language of the Eleventh Amendment only forbids suits by citizens of other states against a state, the Eleventh Amendment bars suits against a state filed by its own citizens. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). A state must expressly consent to suit in a federal district court. *Id.* South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state). DSS is an agency of the State of South Carolina and

functions as an arm of the state. *Coffin v. South Carolina Dep't of Soc. Serv.*, 562 F.Supp. 579, 583-585 (D.S.C. 1983). Therefore, the Plaintiff's constitutional claims must be dismissed.

To the extent that Plaintiff's complain may be read to include claims pursuant to state law, this Court declines to exercise supplemental jurisdiction over any such claims pursuant to 28 U.S.C. § 1367(c).

## CONCLUSION

After a *de novo* review of the record, magistrate judge's Report and Recommendation, and the relevant case law, and having reviewed Plaintiff's objections, this Court **grants** Defendants' motion to dismiss. (Dkt. No. 13).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 6, 2011
Charleston, South Carolina